**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

James Dooner,

                 Plaintiff,

v.

Pui K. Yuen,

                 Defendant.

Civ. No. 16-1939 (RHK/SER)
**MEMORANDUM OPINION
AND ORDER**

Chad A. Snyder, Michael H. Frasier, Rubric Legal, L.L.C., Minneapolis, Minnesota, for Plaintiff.

Jerome A. Burg, The Law Office of Jerry A. Burg, Minneapolis, Minnesota, for Defendant.

## INTRODUCTION

In this action, Plaintiff James Dooner alleges that his ex-girlfriend, Defendant Pui Yuen, stole funds from their joint bank account. Yuen counterclaims that she is entitled to half of the proceeds from the sale of Dooner's real property. Presently before the Court is Dooner's Motion to Dismiss Yuen's counterclaims. For the reasons that follow, the Court will grant the Motion.

## BACKGROUND

The facts alleged in Yuen's counterclaims are taken as true for purposes of this Motion. In February 2010, Yuen met Dooner in Las Vegas, Nevada. (Countercl. ¶ 4.) Yuen was a Nevada resident at that time; Dooner lived in Minnesota. (Id.) The pair began a romantic relationship and, one year later, Yuen quit her job, left Nevada, and

moved to Minnesota.  (Id. ¶¶ 4, 6.)  Yuen and Dooner lived together as a "romantic couple and intended to be life and business partners" (id. ¶ 5), but they never married.

According to Yuen, she "contributed funds to pay the parties' expenses and she provided financial support to Dooner."  (Id. ¶ 6.)  Specifically, she supported Dooner financially during his "terrible" divorce.  (Id. ¶ 8.)  As their relationship progressed, the parties made financial and business decisions together "based upon their mutual goals and founded on trust."  (Id.)

On June 15, 2014—more than three years after Yuen joined Dooner in Minnesota—the couple signed a document memorializing their "mutual financial plans and agreements" in light of "each other's respective contributions to their life together and their goals."  (Id. ¶¶ 11–12.)  Yuen hand-wrote the document, doing "her very best" to spell out the parties' understanding even though English is not her native language.  (Answer ¶ 11.)  She claims the document entitled her to certain monthly payments from Dooner, as well as half of the proceeds from the sale of any real property Dooner sold.  (Countercl. ¶ 14; see Compl. Ex. B.)  Dooner allegedly paid her monthly but failed to split the proceeds from the sale of his property in Edina, Minnesota.  (Countercl. ¶ 16.)

On June 6, 2016, Dooner filed this action seeking, *inter alia*,[1] a judgment declaring the document is not an enforceable contract because it lacked consideration. Yuen filed counterclaims alleging (1) breach of contract, (2) promissory estoppel, (3) unjust enrichment, (4) and "palimony" under Minnesota Statutes section 513.075.

---

[1] Dooner alleges three claims for relief—conversion, civil theft, and unjust enrichment—unrelated to the present Motion.

Yuen also sought a judgment declaring the document *is* an enforceable contract.  On July 25, 2016, Dooner moved to dismiss Yuen's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Motion has been fully briefed and is ripe for disposition.

## STANDARD OF DECISION

A pleading will survive a motion to dismiss only if it includes "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555; accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, the party seeking relief must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  In reviewing a motion to dismiss, the Court "must accept . . . specific factual allegations as true but [need] not . . . accept . . . legal conclusions."  Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).  The Court may consider the pleadings themselves, as well as materials necessarily embraced by the pleadings.  Dittmer Props., L.P. v. FDIC., 708 F.3d 1011, 1021 (8th Cir. 2013).

## ANALYSIS

**I.      Breach of contract & palimony**

Yuen's counterclaims for breach of contract (Count I), "palimony" (Count IV), and a declaratory judgment (Count V), all seek to enforce the hand-written document

discussed above; Yuen alleges the document is an enforceable contract, and she claims that Dooner breached it by failing to split the proceeds from the sale of his property.[2] Dooner responds that these claims fail because the purported contract lacks an expression of consideration and therefore cannot satisfy the statute of frauds. (Pl.'s Mem. Supp. 3.)

Minnesota law[3] provides that,

> [i]f sexual relations between the parties are contemplated, a contract between a man and a woman who are living together in this state out of wedlock . . . is enforceable as to terms concerning the property and financial relations of the parties only if:
>
> (1) the contract is written and signed by the parties, and
>
> (2) enforcement is sought after termination of the relationship.

Minn. Stat. § 513.075. In the absence of a written contract, Minnesota courts "are without jurisdiction to hear . . . any claim by an individual to the earnings or property of another individual if the claim is based on the fact that the individuals lived together in contemplation of sexual relations and out of wedlock within or without this state." Id. § 513.076. In other words, these provisions bar a contract when the "*sole* consideration . . . between cohabitating parties is their contemplation of sexual relations out of wedlock." In re Estate of Palmen, 588 N.W.2d 493, 495 (Minn. 1999) (quoting In re Estate of Eriksen, 337 N.W.2d 671, 674 (Minn. 1983) (emphasis in original).

---

[2] To be clear, Yuen does not assert any ownership interest in Dooner's property. Her claim is based solely on the purported contract.

[3] Both parties rely on Minnesota law in their briefs and neither has asked the Court to apply the law of a different state. Accordingly, the Court will apply Minnesota law. See BBSerCo, Inc. v. Metrix Co., 324 F.3d 955, 960 n.3 (8th Cir. 2003).

To that end, the writing required by section 513.075 must expressly state the consideration underlying the contract. In re Estate of Peterson, 579 N.W.2d 488, 490–91 (Minn. Ct. App. 1998). "Consideration requires that a contractual promise be the product of a bargain . . . It means a negotiation resulting in the voluntary assumption of an obligation by one party upon condition of an act or forbearance by the other." Id. at 491–92 (quoting Baehr v. Penn-O-Tex Oil Corp., 104 N.W.2d 661, 665 (Minn. 1960)). The consideration must be "independent of the couple's living together in contemplation of sexual relations out of wedlock." In re Palmen, 588 N.W.2d at 496 (internal quotations and citations omitted).

Here, Yuen offers a single recitation of consideration "found [in the document] where [Yuen] recorded that the agreements set forth were made in exchange for '[Yuen's] time, money, and inconveniences.'" (Def.'s Mem. in Opp'n 4–5.) But Yuen neither quotes nor accurately represents the document.

The purported contract provides that Dooner will pay Yuen a certain amount of money each month and "share also when any Propertys [sic] sold, '50/50' sales prices." (Compl. Ex. B.) Next, the document provides that "any delay . . . by [Dooner] . . . that shows . . . any payment were not been paid [sic] on time as scheduled . . . the remaining balance will need to be paid in . . . total . . . plus a 20% [sic] for the costs of [Yuen's] time losts, money losts [sic], [and] inconveniences." (Id.) In the Court's view, this provision penalizes Dooner in the event he fails to make payments as provided, but does not afford consideration for his initial promise to pay. The reference to Yuen's time and money is an attempt to justify the imposition of an additional 20% charge. It is not the

"voluntary assumption of an obligation" induced by Dooner's promises. In re Peterson, 579 N.W.2d at 492. The document—difficult as it is to decipher—cannot plausibly be read as Yuen suggests; nowhere does the document record that Dooner's promises to pay Yuen were "made in exchange for" anything beneficial to Dooner. (Def.'s Mem. in Opp'n 4–5.) Since the document is lacking this essential term, it cannot satisfy section 513.075.[4] Accordingly, Yuen has failed to state a plausible claim for relief, and her counterclaims that rely upon the unenforceable document will be dismissed.

## II. Promissory estoppel

Yuen next asserts a promissory estoppel theory of recovery. "Promissory estoppel is an equitable doctrine that implies a contract in law where none exists in fact." Martens v. Minnesota Min. & Mfg. Co., 616 N.W.2d 732, 746 (Minn. 2000) (internal quotations and citations omitted). The doctrine requires that "1) a clear and definite promise was made, 2) the promisor intended to induce reliance and the promisee in fact relied to his or her detriment, and 3) the promise must be enforced to prevent injustice." Id.

Yuen alleges that Dooner "made clear and definite promises [that] . . . induce[d] her to . . . move to Minnesota to live together in a sexual, romantic relationship in which he would support her." (Countercl. ¶ 19.) She claims that she "relied on the promises and acted upon them," and that she "has been damaged and disadvantaged because of her

---

[4] Yuen contends that Dooner's part performance (*i.e.*, paying her monthly) eliminates the need for an enforceable writing. But the part-performance exception "has only been recognized in actions for equitable relief" such as specific performance. Bouten v. Richard Miller Homes, Inc., 321 N.W.2d 895, 899 (Minn. 1982). "This being an action for damages for breach of contract, the doctrine of part performance, which may aid a suit for specific performance, is of no help to [Yuen]." Hatlestad v. Mut. Trust Life Ins. Co., 268 N.W. 665, 668 (Minn. 1936); see also Becker v. First Am. State Bank of Redwood Falls, 420 N.W.2d 239, 241 (Minn. Ct. App. 1988).

reliance." (Id. ¶ 20–21.) But Yuen makes no specific factual allegations beyond this "formulaic recitation of the elements" of promissory estoppel. Twombly, 550 U.S. at 555. The Court is left to guess at what exactly Dooner promised her, if anything. In addition, she has pleaded no facts showing she relied upon Dooner's promises to her detriment, and she fails to allege an injustice that will be prevented if the promises are enforced. For these reasons, she has failed to state a plausible claim for relief under the theory of promissory estoppel.

### III. Unjust enrichment

Yuen finally alleges that Dooner was unjustly enriched. But unjust enrichment is an equitable claim that the Court may not consider where an adequate remedy at law is available. Ventura v. Kyle, 825 F.3d 876, 887 (8th Cir. 2016). Since Yuen's breach-of-contract claim—although non-viable—provided her an adequate remedy at law, her unjust enrichment claim fails. See United States v. Bame, 721 F.3d 1025, 1031 (8th Cir. 2013) ("[T]he existence of an adequate legal remedy . . . precludes unjust enrichment recovery.").

### CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Dooner's Motion to Dismiss (Doc. No. 9) is **GRANTED** and Yuen's counterclaims (Doc. No. 7) are **DISMISSED WITH PREJUDICE.**

Date: October 17, 2016                    s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge